[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2007
THOMAS K. KAHN
CLERK

No. 06-15139
Non-Argument Calendar

-------------------------------------------

BIA No. A96-288-474

REYNALDO DEL CARPIO-DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(August 14, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Reynaldo Del Carpio-Diaz, a citizen of Peru and Bolivia, petitions for

review of the adoption and affirmance by the Board of Immigration Appeals

("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the decisions of the IJ and the BIA in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). An IJ's factual determination "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

We address Del Carpio-Diaz's asylum claim first. The IJ determined that Del Carpio-Diaz's asylum application was untimely and that extraordinary

2

circumstances did not excuse the untimely filing.[1]  The government asserts that we lack jurisdiction to review the determination that Del Carpio-Diaz was ineligible for asylum.

We review "questions of subject matter jurisdiction de novo."  Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).  An asylum application must be "filed within [one] year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ."  8 U.S.C. § 1158(a)(2)(D).  But the determination of whether an alien can apply for asylum is left exclusively to the Attorney General; so we do not have jurisdiction to review a decision about whether an alien such as Del Carpio-Diaz complied with the one-year time limit or established circumstances that would excuse his untimely filing.  Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954, 956-57 (11th Cir.

---

[1]Del Carpio-Diaz entered the United States in May 2001; and he filed his asylum application in 2003.

3

2005).  Therefore, we dismiss Del Carpio-Diaz's petition for review on his asylum claim.[2]

We also dismiss Del Carpio-Diaz's CAT claim.  Because Del Carpio-Diaz failed to present this claim to the BIA, and therefore failed to exhaust his administrative remedies, we lack jurisdiction to consider this claim.  See Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003) (explaining "we lack jurisdiction to consider claims that have not been raised before the BIA").

We now address Del Carpio-Diaz's withholding of removal claim.  An alien seeking withholding of removal must show that his life or freedom would be threatened because of a protected ground, such as membership in a particular social group.  See 8 U.S.C. § 1231(b)(3)(A).  Therefore, an alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon return to his country of nationality.[3]  Mendoza, 327 F.3d at 1287.

---

[2]The jurisdictional provisions of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), do not affect this conclusion because, although the REAL ID Act provides that we retain jurisdiction over "constitutional claims or questions of law raised upon a petition for review," see 8 U.S.C. § 1252(a)(2)(D), the IJ's determination of the timeliness of an asylum application is not a constitutional claim or a reviewable question of law.  See Chacon-Botero, 427 F.3d at 957.

[3]If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to that country unless the government shows by a preponderance of evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom would no longer be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country.  Mendoza, 327 F.3d at 1287.  An alien who has not shown past persecution may be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground.  See 8 C.F.R. § 208.16(b)(2).

4

Here, Del Carpio-Diaz asserts that he is homosexual. In his asylum application, Del Carpio-Diaz contended that, in Peru, he was mistreated as a child because of his homosexuality, he was sexually abused by an adult at his Catholic middle school, and police detained and abused persons at a dance club where Del Carpio-Diaz and his boyfriend had been dancing.[4] He also asserted that later in his life, as an adult in Bolivia, he was harassed for being homosexual, was fired from his job because of his homosexuality, and was beat on one occasion by two police officers who indicated that they knew that Del Carpio-Diaz was homosexual.

The IJ determined that Del Carpio-Diaz presented no corroborating evidence to support his testimony that he was mistreated in Peru and Bolivia because of his homosexuality. In addition, the BIA explained that the experiences that Del Carpio-Diaz described in his testimony did not rise to the level of persecution. On appeal, Del Carpio-Diaz asserts that he introduced sufficient evidence -- including his testimony and a letter written by his doctor stating that Del Carpio-Diaz was being treated for stress-related disorders resulting from

---

[4]Del Carpio-Diaz gave conflicting information on whether he was detained or abused as a result of being at the dance club. In his asylum application, Del Carpio-Diaz explained that he and his boyfriend escaped from the club after the police arrived and that Del Carpio-Diaz later learned that other club patrons had been detained and abused by the police. But, during his asylum hearing, Del Carpio-Diaz testified that he was detained and abused by the police who raided the dance club.

5

mistreatment at his workplace -- to show that he suffered past persecution and feared future persecution.

After review, we conclude that the evidence does not compel the conclusion that Del Carpio-Diaz was entitled to withholding of removal. Although "[un]corroborated but credible testimony may be sufficient to sustain the burden of proof for demonstrating eligibility for asylum[,] . . . [t]he weaker an applicant's testimony, . . . the greater the need for corroborative evidence." Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Here, Del Carpio-Diaz provided no evidence to corroborate his specific claims of alleged mistreatment. And even assuming that the incidents that Del Carpio-Diaz described did occur, the record does not compel the conclusion that Del Carpio-Diaz more-likely-than-not would be persecuted or tortured if returned to Peru or Bolivia.[5] See Sepulveda, 401 F.3d at 1231 (explaining that persecution is "an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation" and that "mere harassment does not amount to persecution"). Therefore, we deny Del Carpio-Diaz's petition on his withholding of removal claim.

PETITION DISMISSED IN PART, DENIED IN PART.

---

[5]We note that, in his brief on appeal, Del Carpio-Diaz describes his case as a situation involving "the absence of actual physical harm."

6